IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIANN COLLINS, ) | |
| RICK COLLINS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.: 2:16-CV-262-WHA |
| ) | (WO) |
| BSI FINANCIAL SERVICES, ) | |
| SERVIS ONE INC., MCM CAPITAL ) | |
| PARTNERS LLC, VENTURES ) | |
| TRUST 2013-I-H-R, and ) | |
| CITIMORTGAGE, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion for Partial Dismissal of Plaintiffs' Second Amended Complaint ("Motion for Partial Dismissal") (Doc. # 46), filed by Defendant CitiMortgage, Inc. ("CitiMortgage"), and a Joinder in CitiMortgage's Motion for Partial Dismissal of the Plaintiffs' Second Amended Complaint (Doc. # 48), filed by Defendants Servis One, Inc., d/b/a BSI Financial Services, MCM Capital Partners, LLLP,[1] and Ventures Trust 2013-I-H-R's (collectively, the "other Defendants").

Plaintiffs Mariann and Rick Collins' Original and First Amended Complaint were previously dismissed by this court on November 15, 2016. (Doc. # 35). However, the court allowed the Plaintiffs to replead certain claims that were dismissed without prejudice. (Doc. # 35, p. 28). On December 15, 2016, Plaintiffs filed a Second Amended Complaint, re-asserting

---

[1] In their Joinder in CitiMortgage's Motion to Dismiss, Defendant MCM Capital Partners, LLLP states that it is incorrectly designated as MCM Capital Partners, LLC.

four claims, including Breach of Contract (Count One); Fraud (Count Two); Defamation, Libel, Slander (Count Three); and Violations of the Fair Debt Collection Practices Act ("FDCPA") (Count Four). (Doc. # 40-1) (Doc. #58).

On January 23, 2017, CitiMortgage moved to dismiss Counts Two, Three, and Four. (Doc. # 46), and the other Defendants joined (Doc. # 48). For the reasons discussed below, the Defendants' Motion for Partial Dismissal is due to be GRANTED.

## II.  STANDARD FOR MOTION TO DISMISS

The court accepts the plaintiffs' factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiffs' favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.  FACTS

The factual allegations in the Plaintiffs' Second Amended Complaint (Doc. # 40-1) are virtually identical to those set forth in the Plaintiffs' First Amended Complaint (Doc. # 17). The

court previously summarized the Plaintiffs' factual narrative in its first dismissal order as follows:

On June 19, 2000, Plaintiffs purchased a home in Montevallo, Alabama and entered into a mortgage loan with Ronnie Miskelly, Jr. on the property. Thereafter, the loan was transferred; first, to Riverside Mortgage Company, Inc.; then, to "The Associates;" and, finally, to CitiMortgage. When CitiMortgage received the loan, Plaintiffs were behind on their payments. Accordingly, the Plaintiffs agreed to pay an additional amount for twelve (12) months to bring the account up to date.

In July 2014, Plaintiffs fell behind on their payments, and CitiMortgage initiated foreclosure proceedings on the Plaintiffs' property. Plaintiffs allege, however, that they were not in default on their mortgage at that time and that the foreclosure proceedings were improper. Plaintiffs sent a letter to CitiMortgage's attorney, which included a qualified written request ("QWR"), asking for an accounting of the loan. However, CitiMortgage did not respond until January 2015. At that point, the Plaintiffs again made arrangements to bring the account up to date.

However, in July 2015, CitiMortgage again commenced foreclosure proceedings. CitiMortgage attempted at least two other foreclosure proceedings in 2015, but each proceeding was stalled or canceled due to improper publication notices in the Montgomery Independent newspaper. CitiMortgage never foreclosed on the property.

In November 2015, the loan was sold to Ventures Trust 2013-I-H-R and serviced by BSI Financial Services, Servis One Inc., and MCM Capital Partners LLC.[2] On November 8, 2015, the other Defendants allegedly began foreclosure proceedings on the property. Plaintiffs further

---

[2] Plaintiffs do not direct any allegations towards CitiMortgage of any events occurring after November 8, 2015.

allege that the other Defendants reported the foreclosure to the national credit bureaus, which negatively affected the Plaintiffs' credit and reputation.

Plaintiffs maintain, however, that at no point was the mortgage loan in default and that the attempted foreclosure proceedings were, therefore, wrongful.

## IV.  DISCUSSION

In their Second Amended Complaint, Plaintiffs submit claims for Breach of Contract (Count One); Fraud (Count Two); Defamation, Libel, Slander (Count Three); and for Violations of the FDCPA (Count Four). (Doc. # 40-1). Defendants move to dismiss Counts Two, Three, and Four. (Doc. # 46). Defendants' arguments for dismissal will be addressed in turn.

### 1.  Fraud (Count Two)

First, Defendants argue that Plaintiffs' claim for Fraud (Count Two) in the Second Amended Complaint should be dismissed because it merely restates Plaintiffs' earlier Fraud claim from the First Amended Complaint which this court previously dismissed. After reviewing the two pleadings, the court agrees. The Plaintiffs have not addressed the deficiencies identified in the court's previous dismissal Order, including that it is entirely unclear which Defendants the Plaintiffs are referring to or when, where, to whom, or in what manner the alleged fraudulent representations were made.  (Doc. # 35, pp. 24–25); *see also Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1370–71 (11th Cir. 1997) (noting that in fraud actions "Rule 9(b) may be satisfied if the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants 'obtained as a consequence of the fraud'").

Moreover, Plaintiffs' Fraud claim in their Second Amended Complaint is exactly the same as Plaintiffs' Fraud claim in their First Amended Complaint. Plaintiffs have not supplemented it with any additional factual content. As a result, Plaintiffs' Fraud claim is once again deficient because it lacks the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and because it fails to allege detrimental reliance as required under Alabama law. *See Cook's Pest Control, Inc. v. Rebar*, 28 So. 3d 716, 725 (Ala. 2009). Because the Plaintiffs' Fraud claim is verbatim of their Fraud claim in their First Amended Complaint, which was dismissed, it still fails to state a plausible claim for relief and is due to be dismissed.

### 2. Defamation, Libel, Slander (Count Three)

Defendants contend that the Plaintiffs' Defamation, Libel, Slander claim (referred to herein as "Plaintiffs' Defamation claim") (Count Three) should be dismissed. In a previous order, the court dismissed Plaintiffs' Defamation claim from the Plaintiffs' First Amended Complaint because Plaintiffs "[did] not specify what each Defendant did." (Doc. # 35, p. 26). Although the court gave Plaintiffs the option of repleading their Defamation claim, the court directed Plaintiffs that, if they decided to do so, Plaintiffs must specify "what special damages were caused by which Defendant, by what act or acts, and when." (Doc. # 35, p. 27). However, because Plaintiffs have not complied with the court's Order, Defendants' move to dismiss Plaintiffs' Defamation claim from Plaintiffs' Second Amended Complaint.

Under Alabama law, "[t]o establish a prima facie case of defamation, the plaintiff must show that the defendant was at least negligent, in publishing a false and defamatory statement to another concerning the plaintiff, which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod)." *Anderton v. Gentry*, 577 So. 2d 1261, 1263 (Ala. 1991) (internal quotation and citation

5

omitted). In the absence of language imputing a person with the commission of a crime, a defamation claim, whether libel or slander, requires the plaintiff to plead special damages in accordance with Rule 9(g). *See id.*; Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated."). "Special damages are the material harms that are the intended result or natural consequence of the slanderous statement, and the general rule is that they are limited to material loss capable of being measured in money." *Butler v. Town of Argo*, 871 So. 2d 1, 18 (Ala. 2003).

In this case, Plaintiffs have not specifically alleged special damages. And, as before, Plaintiffs have failed to allege any additional facts showing which defendant(s) made which defamatory statements, what the defamatory statements were, when the defamatory statements were made, or towards whom they were directed. Although given an opportunity to replead their Defamation claim, all the Plaintiffs have done is insert additional conclusory allegations that they suffered harm as a result of "defamatory statements." Besides those conclusory allegations, which the court must disregard, *see Iqbal*, 556 U.S. at 678–79, Plaintiffs have made no effort to specifically state that they have suffered any material harm. *See Butler*, 871 So. 2d at 18. As a result, Plaintiffs' Defamation claim still fails to specify "what special damages were caused by which Defendant, by what acts or act, and when." (Doc. # 35, p. 27). Therefore, for the same reasons the court dismissed Plaintiffs' Defamation claim from their First Amended Complaint, Plaintiffs' Defamation claim in their Second Amended Complaint is due to be dismissed.

### 3. FDCPA (Count Four)

Finally, Defendants move to dismiss Plaintiffs' FDCPA claim (Count Four), arguing (1) that Plaintiffs have failed to allege that their loan was in default when it was transferred to the Defendants and (2) that Plaintiffs have failed to allege that Defendants are "debt collectors" as

that term is defined under the FDCPA.³ Because the Eleventh Circuit has made clear that whether "a person acquired a debt after the borrower defaulted on that debt is not sufficient to indicate that the person who acquired the debt qualifies as a 'debt collector' under the FDCPA," *Thomas v. US Bank Nat'l Ass'n*, __ Fed. Appx. __, 2017 WL 117121, at *5 (11th Cir. Jan. 12, 2017) (citing *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313–16 (11th Cir. 2015)), the court will only address Defendants' second argument: that Plaintiffs have failed to allege that Defendants are "debt collectors" as that term is defined under the FDCPA.

The FDCPA prohibits a "debt collector" from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692. Thus, in order to state a plausible claim under the FDCPA, a plaintiff must allege, among other things, that the defendant is a "debt collector." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012); *see also Davidson*, 797 F.3d at 1315 ("There is no dispute that [the FDCPA] applies only to debt collectors.")

The FDCPA defines the term "debt collector" as "[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . ." 15 U.S.C. § 1692a(6). Under the second definition, whether the debt was *originally* due or owed to another entity does not bear on the determination of whether that entity qualifies as a debt collector. *Davidson*, 797 F.3d at 1318. What matters instead is to whom the debt is owed "at the time of collection." *Id.*

---

³ This claim was also dismissed subject to being repled in a previous order. (Doc. # 35, p. 9–10). In that order, the court instructed Plaintiffs that any amended FDCPA claim should "allege facts as to each Defendant that qualify it as a 'debt collector' under the statutory definition, *see* 15 U.S.C. § 1692a(6), and keep it from coming within the exclusion, *see* 15 U.S.C. § 1692a(6)(f)(iii), and, if they can do that, further as to each Defendant, what it did and when that violated the statute." Here again, the Plaintiffs' repled claim fails to meet the court's instructions.

7

In the Plaintiffs' Second Amended Complaint, Plaintiffs allege that Defendants violated multiple subsections of the FDCPA. Plaintiffs further allege that all Defendants "are considered a 'debt collector' under the FDCPA as when it each began servicing the loan, the loan was in [sic] either in default or it was being serviced as a defaulted loan." (Doc. # 40-1, p. 20, ¶ 102). Defendants move for dismissal of Plaintiffs' FDCPA claim, arguing that Plaintiffs have failed to plead sufficient factual content to allow the court to draw the reasonable inference that CitiMortgage, or any other Defendant, is a "debt collector" for purposes of the FDCPA. The court agrees.

First, Plaintiffs have not pled facts showing that the "principal purpose" of any of the Defendants' business is debt collection. *See* 15 U.S.C. § 1692a(6)(F). The Plaintiffs allege that "[t]hese Defendants attempted to collect the debt" (Doc. # 40-1, p. 20, ¶ 102) and that "Defendant CitiMortgage and BSI are in the mortgage servicing business and one of their principal business purposes is the collection of debts" (Doc. # 40-1, p. 20, ¶ 103). However, these conclusory allegations are insufficient to plausibly state that Defendants are debt collectors as defined in the Act. While they allege that one part of CitiMortgage's and BSI's business involves the collection of debts, Plaintiffs fail to plausibly allege that the "principal purpose" of CitiMortgage or BSI's business is debt collection. *See Davidson*, 797 F.3d at 1317 (dismissing a complaint that alleged "Capital One has attempted to collect . . . delinquent or defaulted debts in the regular course of its business" because although it showed that debt collection may have been *some* part of Capital One's business, it was not the "principal purpose" of Capital One's business).

Second, Plaintiffs have not alleged that any of the Defendants regularly collect debts owed to *another* at the time of collection. *See* 15 U.S.C. § 1692a(6)(F). Plaintiffs allege that

"CitiMortgage and BSI regularly attempt to collect, directly or indirectly, debts owed or due another." (Doc. # 40-1, p. 20, ¶ 103). However, such "threadbare recitals of a cause of action's elements" will not suffice to survive dismissal. *Iqbal*, 556 U.A. at 663; *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[L]egal conclusions masquerading as facts will not prevent dismissal.") The Plaintiffs' Second Amended Complaint makes no mention that any of the Defendants were collecting the debts owed to "another." In fact, Plaintiffs do not dispute that Defendants were collecting or attempting to collect debts owed to them.[4] While Plaintiffs' debt may have *originally* been owed to another—namely, Ronnie Miskelly, Jr., Riverside Mortgage Company, Inc., or "The Associates"—the Eleventh Circuit has made clear that whether a person is a debt collector under § 1692a(6) depends upon whether the debt being collected is owed to another "at the time of collection," not to whom the debt was owed when the debt originated. *Davidson*, 797 F.3d at 1318.

Accordingly, the Plaintiffs' Second Amended Complaint fails to state a claim for relief under the FDCPA because Plaintiffs have not plausibly alleged that any of the Defendants are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6).

### 4. Leave to Amend

At the conclusion of each of their responses to Defendants' arguments, Plaintiffs request leave to amend their Second Amended Complaint to correct any pleading deficiencies that the court should find. However, because the court has already given the Plaintiffs an opportunity to correct these errors and they failed to do so, *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "repeated failure to cure deficiencies by amendments previously allowed" is an

---

[4] Plaintiffs also expressly allege that "CitiMortgage was . . . servicing the loan on its own behalf." (Doc. # 40-1, p. 3–4, ¶ 9).

adequate basis for denying leave to amend), the Plaintiffs' request for leave to amend is DENIED.

## V.  CONCLUSION

For the reasons stated herein, it is hereby ORDERED that the Defendants' Motion for Partial Dismissal (Doc. # 46) is GRANTED. Plaintiffs' Fraud (Count Two), Defamation, Libel, Slander (Count Three) and Violations of the Fair Debt Collection Practices Act (Count Four) claims are Dismissed with Prejudice.

The case will proceed only on Count One, Breach of Contract.

DONE this the 17th day of March, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE