IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARIANN COLLINS and RICK COLLINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 2:16-CV-262-ECM (WO) |
| BSI FINANCIAL SERVICES; SERVIS ONE INC.; MCM CAPITAL PARTNERS LLC; and VENTURES TRUST 2013-I-H-R, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Plaintiffs Motion to Alter, Amend, or Vacate (doc. 110). For the reasons that follow, the Court concludes that the motion is due to be denied.

On December 19, 2019, the Court entered a Memorandum Opinion and Order granting the Defendants' motion for summary judgment (doc. 108) and entering Final Judgment in favor of the Defendants (doc. 109). As the Court explained in its initial opinion, the Plaintiffs largely failed to explain how these Defendants breached their contractual agreement with the Plaintiffs. The Plaintiffs' response focused almost exclusively on the purported wrong-doing of CitiMortgage—a defendant that was not party to the case at the summary judgment stage because the Plaintiffs had agreed to dismiss CitiMortgage. The Court also admonished the Plaintiffs for failing to follow the Court's order requiring the parties to provide specific citations to the record in their summary

judgment briefs. In contrast, in support of their motion for summary judgment, the Defendants submitted over two hundred pages of supporting evidence with citations to specific pages of the record in support of their motion. The Court was persuaded that the Defendants met their summary judgment burden to demonstrate that the Plaintiffs could not establish a *prima facie* case for breach of contract because the Plaintiffs failed to pay, or even attempt to pay, the Defendants what they were owed and because the Plaintiffs did not provide evidence that the Defendants breached the contract. The Plaintiffs now seek relief from that judgment.

## I.     STANDARD OF REVIEW

In their motion to alter, amend or vacate, the Plaintiffs do not specify under which rule they are proceeding so the Court is left to surmise that the motion is made pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.

Pursuant to Fed. R. Civ. P. 59(e), the Plaintiffs may seek to alter or amend judgment only on the basis of "newly-discovery evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)(quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.2007)). "A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248 at *1 (M.D. Ala. 2012). Moreover, "Rule 59(e) was not constructed 'to give the moving party another bite at the apple . . .'" *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs,* 626 F.3d at 1344. "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have

been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citations omitted). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Id*. (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

The Court now turns to Rule 60. The Plaintiffs make no argument that the reasons specifically delineated in Rule 60(b)(1-5) provide the basis for their motion for relief from the judgment, so the Court is left to conclude that the motion is made pursuant to Rule 60(b)(6), whereby a party may seek relief from a judgment for "any other reason that justifies relief." ""[R]elief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78, (2017)(quoting *Gonzalez,* 545 U.S., at 535, 125 S.Ct. 2641). To warrant relief under Rule 60(b)(6), not only must Plaintiffs show "sufficiently extraordinary" circumstances, but also "that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Doe v. Drummond Co.*, 782 F.3d 576, 612 (11th Cir. 2015)(quoting *Galbert v. W. Caribbean Airways,* 715 F.3d 1290, 1294–95 (11th Cir. 2013)(internal quotation marks omitted)).

## II. DISCUSSION

For the reasons that follow, the Court concludes that the Plaintiffs are not entitled to relief. In their motion to alter, amend or vacate, the Plaintiffs' arguments largely mirror those that were made in their opposition to the Defendants' motion for summary judgment. The Court addressed those arguments in its memorandum opinion, and a motion for reconsideration is not the mechanism by which parties may relitigate matters the Court has already addressed. *See Arthur*, 500 F.3d at 1343.

The Plaintiffs argue that, in granting summary judgment, the Court erred "by failing to properly give the benefit of any doubt to the Plaintiff." (Doc. 110 at 4). The Plaintiffs further assert that the defendants did not meet their initial burden so it is "legally irrelevant whether the plaintiff (sic) in her response presented evidence supporting her claim." (*Id*. at 7). The Plaintiffs argue that their "failure to properly address a claim cannot be cause for the court to grant summary judgment as the moving party must prove its case even if the Plaintiffs fail to respond at all." (*Id*. at 2). The Plaintiffs continue to assert that they "need not prove their case, but merely offer some evidence to contradict the Defendants' claims that there are no factual issues in the case." (*Id*.).

The Court is compelled to draw "**reasonable** inferences" in favor of the Plaintiffs. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (emphasis added). However, once the Defendants satisfied their burden, the Plaintiffs "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Plaintiffs may meet this burden by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[ ], admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

In support of their motion for summary judgment, the Defendants attached deposition testimony, affidavits, business records, and similar supporting evidence, and

4

argued that the Plaintiffs could not point to any actionable breach committed by the Defendants. The Defendants also asserted that the Plaintiffs failed to meet their obligation to pay. While the Plaintiffs were entitled to cite to the evidence that the Defendants had already submitted, the Plaintiffs failed to comply with the Court's clear order that they cite to "particular parts of the material record," and cite to the record "by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document." (Doc. 73 at 2). Moreover, in their motion to alter, amend or vacate, the Plaintiffs persist in their failure to direct the Court to any specific evidentiary support for their position. It is not the Court's responsibility to seek out evidence or facts in support of the Plaintiffs' claims.

> The onus was on [the Plaintiff] to point to the specific portions of the proffered material which created a material issue of fact. See Fed.R.Civ.P. 56(e) ("[A]n adverse party may not rest upon ... mere allegations or denials ..., but ... must set forth specific facts showing that there is a genuine issue for trial."). We do not require trial courts to search the record and construct every argument that could have been made based upon the proffered materials. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

*Restigouche, Inc. v. Town of Jupiter,* 59 F.3d 1208, 1213 n.5 (11th Cir. 1995).

Moreover, the Plaintiffs claim, again without citing to any evidence, that they attempted to make payments to BSI "but their efforts were refused because they did not offer to pay an erroneous amount that BSI claimed was due." (Doc. 110 at 6). In her deposition, Ms. Collins clearly stated that she never attempted to make a payment to the BSI Defendants and that it was not someone at BSI who instructed her to stop making payments. When Ms. Collins was asked whether she tried to make payments to BSI, she

5


affirmatively stated: "No, I was told not to" and indicated that it was not BSI that told her to stop making payments. (Doc. 97-2 at 134). The Plaintiffs' assertion that the Court improperly failed to credit the Plaintiffs' version of the facts is unavailing where the Plaintiffs' version of the facts support the judgment.

Finally, the Plaintiffs argue that the Court unfairly failed to consider a particular piece of evidence – the Qualified Written Report ("QWR"). In arguing that the Defendants should have been responsible for CitiMortgage's accounting errors, the Plaintiffs assert that the Court erred by stating that there was "no copy of the QWR contained in the file." (Doc. 110 at 8). The Plaintiffs did not cite to this purported QWR in their response in opposition to summary judgment, but now claim that the QWR was attached to the Second Amended Complaint, again without citing the record. A review of the electronic docket in this case reveals that an exhibit that was attached to the Plaintiffs' Motion for Leave to File an Amended Complaint appears to be the document the Plaintiffs reference. (Doc. 40-7).[1] There are over one hundred docket entries in this case and the Plaintiffs did not bring this document to the Court's attention. District courts are not required to "ferret out" facts buried in the record when the party does not appropriately bring it to the Court's attention.

---

[1] The Court notes that the process of the filing of the Second Amended Complaint was complicated. The Court granted the Defendant's initial Motion to Dismiss and granted the Plaintiffs leave to file a Second Amended Complaint. (Doc. 35). The Plaintiffs repeatedly asked for extensions of time to file an amended complaint before the filing a Motion for Leave to File Second Amended Complaint, which attached the Complaint as an exhibit. (Doc. 40). The Court granted that motion by text order (doc. 41), but the Plaintiffs did not separately file the Second Amended Complaint as it had done with the First Amended Complaint (doc. 17). The Court ultimately entered an order directing the Clerk to enter Doc. 40-1 as the operative complaint when the parties moved forward with motion to dismiss briefing, treating that document as the operative complaint. The other attached exhibits to the Motion for Leave to file an Amended Complaint were not attached as exhibits to the Second Amended Complaint.

*Chavez v. Sec'y Fla. Dep't. of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011).  Furthermore, the Plaintiffs may not use a motion to alter, amend or vacate to present additional support for arguments previously raised on summary judgment.

Notwithstanding the foregoing, the Court concludes that this document would not have been dispositive. The Plaintiffs argue in relevant part, that the Defendants violated RESPA, and that such violation constitutes a breach of contract.  However, the Plaintiffs did not cite to anything in the contract that required the Defendants to comply with RESPA, and the Court previously dismissed the Plaintiffs' RESPA claim with prejudice.  The Plaintiffs may not repackage their RESPA claim as a breach of contract claim, and the QWR does not alter that determination.

Insofar as the Plaintiffs' motion to vacate might be considered under either Rule 59 or Rule 60, the Plaintiffs have failed to demonstrate any extraordinary circumstances warranting relief.  The Plaintiffs' motion to alter or amend is merely a rehashing of arguments made at the summary judgment stage.

### III.   CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the Plaintiffs' Motion to Alter, Amend or Vacate the Court's (doc. 110) is DENIED.

Done this 6th day of June, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE