IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARIANN COLLINS and RICK COLLINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | CASE NO. 2:16-CV-262-ECM |
| v. | ) | (WO) |
| | ) | |
| BSI FINANCIAL SERVICES; SERVIS ONE INC.; MCM CAPITAL PARTNERS LLC; and VENTURES TRUST 2013-I-H-R, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is the Plaintiffs' motion for an extension of time to file an appeal (doc. 113) filed on September 4, 2020. For the reasons that follow, the Court concludes that the motion is due to be granted.

On December 19, 2019, the Court granted the Defendants' motion for summary judgment (doc. 108) and entered Final Judgment in favor of the Defendants (doc. 109). On January 16, 2020, the Plaintiffs filed a motion to alter, amend, or vacate (doc. 110) which halts the running of the time to file a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(v) & (vi). On July 6, 2020, the Court denied the Plaintiffs' post-judgment motion. (Doc. 112). The Plaintiffs had until August 5, 2020 to file a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(i).

Pursuant to Fed. R. App. P. 4(a)(5)(A)(i), the Plaintiffs may seek an extension of time to file an appeal provided that the "party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." *Id.* The Plaintiffs filed their motion for an extension of time on September 4, 2020, which is within the 30-day window after the expiration of the time to file an appeal. The district court can extend the time for filing a notice of appeal upon a showing of excusable neglect. *See Advanced Estimating Sys., Inc. v. Riney,* 77 F.3d 1322, 1325 (11th Cir.1996).

> The Supreme Court has held that "excusable neglect" as used in Bankruptcy Rule 9006(b)(1)should be determined using a flexible analysis. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). Under *Pioneer*, a court analyzing a claim of excusable neglect should consider "all relevant circumstances surrounding the party's omission . . . includ[ing] . . . the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. at 1498 (footnote omitted). We have previously held that the same flexible analysis of excusable neglect applies to a ruling under Rule 4(a)(5). *Advanced Estimating*, 77 F.3d at 1324.

*Zipperer By & Through Zipperer v. Sch. Bd. of Seminole Cty., Fla.,* 111 F.3d 847, 849–50 (11th Cir. 1997).

The Court looks to whether the attorney's failure to adhere to a filing deadline was the result of a mistake of law or a mistake of fact. *United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012). "While an attorney error based on a misunderstanding or misinterpretation of the law generally cannot constitute excusable neglect, a mistake of fact, such as miscommunication or a clerical error, may do so under the pertinent factors."

2

*Id.* (citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1356 (11th Cir. 2009) and *Advanced Estimating*, 130 F3d at 998-99).

The *Pioneer* factors weigh in favor of the Plaintiffs. The Court concludes that the Plaintiffs' failure file a timely notice of appeal constitutes excusable neglect and was the result of inadvertence, mistake or carelessness. *See Pioneer*, 507 U.S. a 380 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."). In this case, the Court denied the Plaintiffs' post judgment motion on July 6, 2020. Counsel for the Plaintiffs represents that he sent the Plaintiffs a letter on July 14, 2020, advising them of their right to appeal and the deadline for filing an appeal. When counsel "did not hear back from the Plaintiffs," he assumed that they had decided not to appeal. (Doc. 113 at 4). However, on September 2, 2020, the Plaintiffs telephoned counsel to "check on their case and get an update." (*Id.*). At that time, counsel discovered that the Plaintiffs had not received his letter advising them of the appeal deadline. The failure to file an appeal was the result of a communication failure between counsel and the Plaintiffs which at best constitutes inadvertence, negligence, or carelessness. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). The miscommunication was compounded by the restrictions placed on counsel as the result of exposure to the novel coronavirus which resulted in a closing of his office for a period of time. (Doc. 113 at 4-5).

Moreover, after being given the opportunity to object to the motion, the Defendants have filed nothing in opposition to the motion. Consequently, the Court concludes that the

3

Defendants have not been unreasonably prejudiced by the delay.  Finally, the length of the delay is not great and it has little impact on judicial proceedings.

Accordingly, for the reason as stated and for good cause, it is

ORDERED that the Plaintiffs' motion for extension of time to file appeal (doc 113) is GRANTED.  Pursuant to Fed. R. App. P. 4(a)(5)(C), the time for filing an appeal is extended for fourteen days after the date of this order.

Done this 28th day of September, 2020.

       /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE